## CIRCUIT COURT OF FAIRFAX COUNTY

Cecily Kohler

v.

Blue Cross
and Blue Shield
of Virginia

October 22, 1992

Case No. (Law) 116138

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter is before the Court on the demurrer of the defendant Blue Cross and Blue Shield of Virginia to the plaintiff's petition for declaratory judgment. For the reasons set forth below, the demurrer is overruled.

The events giving rise to this litigation are given in the parties' pleadings and memoranda. On April 25, 1991, the plaintiff Cecily Kohler submitted her application to the defendant Blue Cross and Blue Shield of Virginia for issuance of a major medical insurance policy. The defendant accepted her application and issued a policy which became effective on July 1, 1991.

In April and May 1991, the plaintiff sought medical treatment for swelling of her eyes. On July 8, 1991, Dr. Peter Ross diagnosed her condition as Graves' disease. The plaintiff then submitted bills for her medical treatment to Blue Cross and Blue Shield. The defendant notified her that she would not be eligible for health care benefits for the treatment of her Graves' disease because the defendant considered the disease a "preexisting condition" as it is defined in "General Exclusions" section of the insurance policy. The plaintiff's petition for declaratory judgment asks the Court to find the preexisting condition exclusion from the policy void as inconsistent with Virginia Code § 38.2–3514. This statute provides that an insurer shall not deny liability on a claim otherwise covered because of the

existence of a disease at the time of the making of the application for the policy, unless it is shown that the applicant knew or might reasonably have been expected to know of the disease.

The Court has before it today the defendant's demurrer to the petition for declaratory judgment. The defendant argues that the preexisting condition exclusion is consistent with Code § 38.2–3514. The defendant claims here that because this statute gives no indication as to how to determine whether an applicant knew or might reasonably have been expected to know of a disease, Regulation 19, a directive adopted by the Insurance Division of the State Corporation Commission to standardize policy terms, should be used to define the term "preexisting condition." Regulation 19 defines "preexisting condition" as the existence of symptoms which would cause an ordinarily prudent person to seek diagnosis within a two-year period preceding the effective date of the insurance coverage. The defendant claims that the plaintiff had symptoms of Graves' disease for which she sought treatment in April and May 1991, before the effective date of the policy in July 1991, and that these symptoms constitute a preexisting condition not covered by her policy.

The question before the Court is whether the plaintiff's petition for declaratory judgment states a claim under Code § 38.2–3514 that no preexisting condition existed or whether Regulation 19 applies to expand the definition of preexisting condition such that the plaintiff's claim fails under the facts presented.

The Court overrules the defendant's demurrer. The issue raised under Code § 38.2–3514 as to whether the plaintiff knew or might reasonably have been expected to know of her disease is an issue of fact to be determined at trial and is not properly raised on demurrer. The plaintiff alleges in her petition that she submitted her application for the insurance policy on April 25, 1991, and that she did not know of her illness until it was diagnosed by Dr. Ross in July 1991. The plaintiff has stated her cause of action under the statute sufficiently, and any judgment at this time as to her knowledge of the disease would be premature.

The Court finds that for purposes of the demurrer, Code § 38.2–3514 sets out a clear directive as to the insurer's responsibility: even though an applicant has a disease at the time he or she applies for insurance, the insurer is not to deny coverage unless the applicant knew or might reasonably have been expected to know of the disease. While use of Regulation 19 may ultimately be helpful in deter-

mining that issue, it is not dispositive of the matter at this stage of the proceedings.

The Court therefore overrules the defendant's demurrer to the petition for declaratory judgment and finds that the plaintiff has stated her claim sufficiently under Code § 38.2–3514.